All concur, except SCOTT, J., who concurs except as to costs.

---

(118 App. Div. 869)

In re WHITE'S ESTATE.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

1. TAXATION—TRANSFER TAXES—EXEMPTIONS.

Tax Law (Laws 1896, p. 869, c. 908, amended by Laws 1901, p. 1172, c. 458) § 221, provides that any property devised or bequeathed to any corporation organized for certain purposes shall be exempt from the transfer. *Held*, that the status of a corporation as concerns the exemption must be determined by the statutory law and the certificate of incorporation, irrespective of what the corporation has assumed to do.

2. SAME.

Tax Law (Laws 1896; p. 869, c. 908, amended by Laws 1901, p. 1172, c. 458) § 221, provides that any property devised or bequeathed to any religious corporation, including corporations organized exclusively for Bible or tract purposes, shall be exempt from the transfer tax, and that there shall also be exempted personal property, other than money or securities, bequeathed to a corporation or association organized for the moral or mental improvement of men or women, or for missionary, benevolent, or charitable purposes, etc. Laws 1848, p. 447, c. 319, provided for the incorporation of benevolent, charitable, scientific, and missionary societies, and such statute was repealed by Membership Corporation Law, Laws 1895, p. 331, c. 559, whereby all corporations organized under the repealed statute became membership corporations. A corporation organized under the Laws of 1848 was known as the "W. Street Mission," and, according to the certificate of incorporation, formed to do good spiritually and materially to those coming under its influence, to proclaim the Christian religion, and to provide a place to which persons might resort for Christian worship and fellowship. *Held*, that a devise of money to the corporation in question was not exempt from the tax.

Appeal from Surrogate's Court, New York County.

Judicial proceedings in relation to the transfer tax on the estate of Eliza White, deceased. Appeal by the Comptroller from an order of

the Surrogate's Court, reversing an order of one of the surrogates fixing a tax on a legacy to the McAuley Water Street Mission, under the will of Eliza White, deceased.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

George M. Judd, for appellant.

John W. Boothby, for respondent.

LAUGHLIN, J.   The transfer tax appraiser decided that the legacy was subject to the transfer tax, and on his report the surrogate entered a formal order fixing the tax, the amount of which is not in dispute.   The executor of the testator then appealed to the Surrogate's Court, and the order was reversed, upon the ground that the legacy was not taxable.

The will contains two bequests of money to the McAuley Water Street Mission.   The sole question presented by the appeal is whether these bequests are exempt from taxation under section 221 of the tax law, which, so far as material to the appeal, provides as follows:

"* * * * But any property heretofore or hereafter devised or bequeathed to any person who is a bishop or to any religious corporation, including corporations organized exclusively for Bible or tract purposes, shall be exempted from and not subject to the provisions of this act.   There shall also be exempted from and not subject to the provisions of this act personal property other than money or securities bequeathed to a corporation or association organized exclusively for the moral or mental improvement of men or women or for charitable, benevolent, missionary, hospital, infirmary, educational, scientific, literary, library, patriotic, cemetery or historical purposes or for the enforcement of laws relating to children or animals, or for two or more of such purposes, and used exclusively for carrying out one or more of such purposes."

The McAuley Water Street Mission is a domestic corporation, and it was duly incorporated under and pursuant to the provisions of chapter 319, p. 447, of the Laws of 1848, entitled "An act for the incorporation of benevolent, charitable, scientific and missionary societies," which was thereafter repealed by the membership corporation law, being chapter 559, p. 331, of the Laws of 1895.   By virtue of the provisions of section 2 of article 1 of the membership corporations law, all corporations organized pursuant to the provisions of the laws thereby repealed thereupon became membership corporations.   There is no doubt but that the real and personal property of the McAuley Water Street Mission is exempt from general taxation by virtue of the provisions of subdivision 7 of section 4 of article 1 of the tax law (chapter 908, p. 797, Laws 1896), which provides as follows:

"(7) The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women, or for religious bible, tract, charitable, benevolent, missionary, hospital, infirmary, education al, scientific, literary, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more of such purposes, and used exclusively for carrying out thereupon one or more of such purposes, and the personal property of any such corporation or association shall be exempt from taxation."

Prior to the death of the testator, however, the Legislature made it clear by chapter 382, p. 916, of the Laws of 1900, that these exemp-

tions should not be deemed to exempt bequests and devises to such corporations from the tax on taxable transfers. The sole inquiry, therefore, is as to whether the McAuley Water Street Mission is a "religious corporation," or a corporation "organized exclusively for Bible or tract purposes," within the provisions of section 221 of the tax law. The certificate of incorporation of the McAuley Water Street Mission provides:

"That the particular business and objects of such association are and shall be to do good to the souls and bodies of all who may come under its influence, by proclaiming to them the truths of the Holy Bible and salvation through the Lord Jesus Christ, by giving them religious instruction, by lifting up the fallen, by aiding the tempted and encouraging them in their efforts to escape from their habits and appetites, and by providing a place to which whomsoever will may freely come for Christian worship and fellowship, for the promotion of godliness, and for mutual encouragement in the Christian life."

Evidence was received tending to show that the major part of the business transacted by the mission is of a charitable nature, and that the major part of its funds are used for like purposes. We are of opinion that this evidence should not be considered, as we agree with the learned counsel for the respondent that the status of this corporation must be determined by the statutory law and its certificate of incorporation, rather than by what it has assumed to do thereunder. It is quite clear, I think, that the mission was not organized exclusively for Bible or tract purposes. It was, as its title implies, organized for general mission purposes. The learned counsel for the respondent does not contend that the order can be sustained upon the theory that the mission was organized exclusively for Bible or tract purposes. He argues that section 221 of the tax law should be construed as relating to corporations "organized exclusively for religious, Bible, or tract purposes." That would be a most liberal construction of the statute, and not, I think, in accordance with the intention of the Legislature. It is to be observed that the statute does not provide that bequests or devises to every corporation formed for religious purposes, exclusively or otherwise, shall be exempt, but that devises and bequests "to any religious corporation" shall be exempt. Religious corporations have always been classified by themselves, and as separate and distinct from charitable, benevolent, and missionary societies. Matter of Huntington, 168 N. Y. 399, 61 N. E. 643; Matter of Watson, 171 N. Y. 256, 63 N. E. 1109. Missionary societies are, in a sense, organized for religious purposes, but they are not, under our statutes, religious corporations; and it was decided by the Court of Appeals in Matter of Watson, supra, that bequests and devises to missionary and Christian associations are not exempt under section 221 of the tax law from the tax on taxable transfers. Neither the act under which this mission was incorporated, nor the membership corporations law, which has superseded and repealed it, authorizes the organization thereunder of a strictly religious corporation, or a corporation exclusively for Bible or tract purposes, as contradistinguished from missionary purposes.

The learned surrogate based his decision on Matter of Prall, 78 App. Div. 301, 79 N. Y. Supp. 971, which is clearly distinguishable upon

the ground that the Protestant Episcopal Church Missionary Society for Seamen, whose status was there under consideration, was incorporated by a special act of the Legislature (chapter 147, p. 213, Laws 1844), for religious purposes, and was made subject to many of the provisions and restrictions of "An act for the incorporation of religious societies," passed on the 5th day of April, 1813 (2 Rev. Laws 1813, p. 212). Its special charter was not repealed by the membership corporations law, nor did it become subject thereto. It is not for us to say what the statutory law ought to be. That is the province of the Legislature. Our function is to discover and declare the legislative intent. The provisions of the statute under which the exemption is claimed, and in which it must be found if it exists (section 221 of the tax law), clearly shows that the Legislature recognized a distinction between religious corporations, including corporations organized exclusively for Bible or tract purposes, and the other corporations organized under the act under which this mission was incorporated and under the membership corporations law, and intended to prescribe a different rule therefor; for it is therein provided that personal property, other than money or securities bequeathed "to a corporation or association organized exclusively for the moral or mental improvement of men or women or for charitable, benevolent, missionary, * * * scientific * * * purposes, * * * or for two or more of such purposes, and used exclusively for carrying out one or more of such purposes," shall also be exempted. These bequests to the McAuley Water Street Mission are of money; and they are to a corporation organized for missionary purposes, and are therefore not exempt from taxation under the act relating to taxable transfers.

It follows, therefore, that the order of the Surrogate's Court should be reversed, with $10 costs and disbursements, and that the order of the surrogate, made on the report of the taxable transfer appraiser, should be affirmed.

PATTERSON, P. J., and CLARKE, J., concur.

INGRAHAM, J. (concurring). The Court of Appeals seems to have held, in Matter of Watson, 171 N. Y. 256, 63 N. E. 1109, that a religious corporation, under section 221 of the tax law (Laws 1896, p. 869, c. 908) as amended by chapter 458, p. 1172, of the Laws of 1901, is a corporation organized under the religious corporation law (chapter 723, p. 477, of the Laws of 1895), and does not include a corporation organized under chapter 319, p. 447, of the Laws of 1848, or the membership corporation law (chapter 559, p. 331, of the Laws of 1895); the test, as I understand it, being the particular acts under which the corporation was organized, and not the purpose for which it was organized. I imagine that the object for which every religious corporation exists is to "do good to the souls and bodies of all who may come under its influence, by proclaiming to them the truths of the Holy Bible and salvation through the Lord Jesus Christ, by giving them religious instruction, by lifting up the fallen, by aiding the tempted and encouraging them in their efforts to escape from their habits and appetites, and by providing a place to which whomso-

ever will may freely come for Christian worship and fellowship, for the promotion of godliness, and for mutual encouragement in the Christian life"—the purposes for which this respondent was incorporated; and, if the object for which a corporation was incorporated is to control, I should be of the opinion that this was a religious corporation. As this corporation, however, was incorporated under the benevolent, charitable, scientific, and missionary society act of 1848, and not under the religious corporation act, the exemption provided in section 221 of the tax law does not apply to legacies of moneys or securities bequeathed to it, and I therefore concur.

SCOTT, J., concurs.