(Surrogate's Court, Tompkins County. December 31, 1915.)

1. TAXATION ⬤═876—TRANSFER TAXES—EXEMPTIONS.

Tax Law (Consol. Laws, c. 60) § 221, exempts charitable or benevolent corporations from transfer taxes, while General Municipal Law (Consol. Laws, c. 24) § 73, authorizes a village to take and hold property in trust for relief of the distressed upon such conditions as may be prescribed by the donor, and agreed to by the corporation. Therefore property left in trust to create and maintain a home for worthy indigent women of a locality is not subject to the transfer tax, although a municipal corporation was appointed trustee.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1693–1699; Dec. Dig. ⬤═876.]

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. TAXATION ☜876—TRANSFER TAXES—"CHARITABLE TRUST."

Where land and personalty are devised in trust to maintain a home for indigent women of the vicinity, the trust is a charitable or benevolent one, within Tax Law, § 221, exempting such trusts from transfer taxes, though the home was not to be entirely supported from the property given and contributions were expected from inmates and from other charitably disposed persons.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1693–1699; Dec. Dig. ☜876.

For other definitions, see Words and Phrases, First and Second Series, Charitable Trust; Charity.]

In the matter of the transfer tax appraisal of the estate of George Albright, deceased. From an order of the Tompkins County Surrogate's Court, exempting the legacy to the Albright Home from the transfer tax, the Comptroller appeals. Affirmed.

S. Edwin Day, of Moravia, for village of Dryden.
George E. Goodrich, of Dryden, for executors.
Sherman Peer, of Ithaca, for comptroller.

SWEETLAND, S. George Albright, a resident of the town of Dryden, Tompkins county, N. Y., died on the 30th day of January, 1915, leaving property to the value of about $130,000. The question herein involved arises under the following provisions of his will:

"Fourth. I give, devise and bequeath to Dryden village, a municipal corporation, located in the town of Dryden, county of Tompkins and state of New York, my home farm of one hundred and sixty acres of land, or thereabouts, known as the Elisha Albright farm, and located on lot No. 39 of said town, near said village, together with whatever crops, live stock, farming machinery, tools and implements and products of said farm I may have thereon at the time of my decease, and also all of my household goods and furniture not hereinafter specifically bequeathed, including all silver and plated ware, cutlery, dishes, linen and bedding not hereinafter specifically bequeathed, in trust, for the benefit perpetually of the worthy indigent women of said town of Dryden, who may there have a home upon such conditions and under such regulations as the board of trustees of said village may from time to time prescribe, the institution thus established to be known as the Albright Home in memory of my parents.

"As an initial endowment for said Albright Home, I give and bequeath to said Dryden village, likewise in trust, the sum of fifteen thousand dollars ($15,000.00), to be kept invested by the trustees of said village in good interest bearing securities, the income therefrom to be used and accounted for annually in the proper maintenance and improvement of said Home and in the support and care of its inmates. It is contemplated and desired that other well disposed persons, either inmates or otherwise, may from time to time add to the endowment above provided.

"It is not my wish or intention that said Home shall be managed solely as a pauper institution, or that its benefits shall be limited to those absolutely without means, but that any woman of good character who resides in the town of Dryden and who is without sufficient means to insure her own support, may, by contributing in good faith all her property to said Home, be assured, under the rules and regulations which may be prescribed under this trust, of a comfortable home and proper care in sickness and in health so long as she may live and of a respectable burial at her decease; and that any like woman of larger means, by contributing such an amount as may be prescribed by said rules and regulations for the benefit of said Home, may on like conditions be assured of the same benefits. If at any time the

accommodations provided under this trust are not all taken by applicants from the town of Dryden, 1 hereby authorize the board of trustees of Dryden village to extend its benefits for the time being to applicants from adjoining towns in their discretion.

"It is my will that the provisions of this devise and bequest shall take effect immediately upon the probate of this my will, except that the endowment herein provided may be paid within one year thereafter; and that so long as he may be able and willing to do so my executor, Geo. E. Goodrich, shall act with the board of trustees of Dryden village in formulating such rules and regulations for the management and government of said Albright Home as to them shall seem best fitted to carry out my intentions in making this bequest and devise."

The village of Dryden is a municipal corporation, duly organized under the laws of the state of New York, and it was established on the hearing that said village had accepted said legacy, the value of which, as established on the transfer tax proceeding, is $33,292.10, from which it is conceded the sum of $1,000 should be deducted as exempt, leaving a balance of $32,292.10, which the village of Dryden considers exempt, and the comptroller considers taxable at the rate of 5 per cent.

[1] The General Municipal Law authorizes villages to take and hold property in trust for the relief of the distressed upon such conditions as may be prescribed by the donor and agreed to by the corporation. So there is no question as to the right of the village to accept such trust and to act as trustee of the trust created by the will of Mr. Albright. See section 73 of the General Municipal Law. Section 221 of the Tax Law exempts charitable or benevolent corporations from the operation of the Transfer Tax Law. It must have been intended by the Legislature that the law authorizing municipal corporations to act as trustees of such trusts vested them with all the ordinary and reasonable functions, powers, and duties necessary to accomplish the intention of the law, a well as the purpose of the creator of the trust.

It is obvious that the purpose of Mr. Albright in creating such trust was both charitable and benevolent, and the fact that a municipal corporation was selected to execute the trust does not change its nature or character, nor does it impose additional burdens. Had such been the intention of the law, it would have been so stated and expressed. It seems on the ground of wise public policy this legacy ought to be exempt. The care of indigent aged women is a burden on the public of their locality, but in this case a generous individual has provided means whereby the public is relieved of that burden, and a home provided· in such a manner that its advantages can be realized by those for whom it is intended without humiliation. If the purpose of such benefactions be in part thwarted by unreasonable taxation, the result will tend to discourage generously inclined persons from making such humane provisions for the needy.

[2] The fact that the Albright Home is not to be entirely supported, from the income of the $33,292, but that contributions may be had by way of payments from inmates who are able, and prospective future donors, does not change the charitable and benevolent nature of the trust. Matter of Mergantime, 129 App. Div. 367, 113 N. Y. Supp. 948, affirmed by the Court of Appeals in 195 N. Y. 572, 88 N. E. 1125:

Matter of Moore, 66 Misc. Rep. 116, 122 N. Y. Supp. 828. The policy of the law ought not to be astute to impose a transfer tax in close or doubtful cases and particularly not to cut down these gifts to the poor and aged by vexatious taxation.

Young Men's Christian Associations and Young Women's Christian Associations have been held to be educational institutions, and therefore exempt from the transfer tax. See Matter of Moses, 138 App. Div. 525, 123 N. Y. Supp. 443; Id., 60 Misc. Rep. 637, 113 N. Y. Supp. 930; Matter of Moore, 66 Misc. Rep. 116, 122 N. Y. Supp. 828. Also an art gallery. Matter of Arnot, 145 App. Div. 709, 130 N. Y. Supp. 499, affirmed by the Court of Appeals, 203 N. Y. 627, 97 N. E. 1102. A legacy to the Craig Colony for Epileptics held exempt, although the institution is partly supported by the products of its farm. In Matter of Moore, 66 Misc. Rep. 116, 122 N. Y. Supp. 828, Judge Ostrander writes as follows:

"I do not think the Legislature ever intended to tax benevolently inclined people for the privilege of making legacies designed to relieve the state of its burdens. No more effectual way of stopping such benevolence could be well devised. While the courts have no power to prevent the Legislature from establishing such a greedy and foolish policy, they should not by construction impute such an intention in cases where it does not clearly appear, nor, by hair-splitting constructions of the statute, entrap unwary persons who desire to limit their benefactions to the state by the amount set out in the legacy."

A gift by will to the City of Yonkers in trust to found a trades school was held exempt in Matter of Saunders, 77 Misc. Rep. 54, 137 N. Y. Supp. 438; Id., 156 App. Div. 891, 141 N. Y. Supp. 1145; Id., 211 N. Y. 541, 105 N. E. 1099. It seems both on principle and authority this gift to the poor and aged ought to be applied to the purposes designated by the testator, and not be reduced by a state transfer tax. I cannot believe that the Legislature intended to tax such gifts.

The difficulty with the position of the comptroller is that he appears to assume that the village of Dryden is the beneficiary, and as such does not pay the tax. It is very clear that, had the legacy been to the village of Dryden absolutely, the legacy would be taxable. But such is not the case; the village of Dryden takes no beneficial interest in this matter. The legacy is to the village of Dryden in trust for benevolent and charitable purposes. Had the trustee in the case been an individual as trustee, would any one claim the legacy taxable?

Mr. Albright had realized the helpless condition of many aged people, and helpless old age, accompanied by poverty, neglect, and loneliness, appealed to him, and he sought to establish an institution wherein the lonely and destitute women of his section might find a comfortable home in the locality where they had lived and among their acquaintances, amid the familiar scenes of their former activities. The purpose being charitable and benevolent to the indigent, and benevolent to those able to pay for their maintenance, this case comes under both the spirit and the letter of the law providing exemption to charitable and benevolent institutions.