[No. 15953.   Department One.   March 7, 1921.]

*In the Matter of the Estate of* ELIZABETH FOSS.

MICHAEL W. PADDEN *et al., Respondents,* v. J. M.
THATCHER, *as State Tax Commissioner, Appellant.*[1]

TAXATION (229)—INHERITANCE TAX—EXEMPTIONS. The rule that
exemptions from the inheritance tax are to be strictly construed and
the beneficiary clearly within the statutory provisions, is qualified as
to charitable bequests, which should be upheld and given effect when-
ever possible.

EVIDENCE (2)—JUDICIAL NOTICE—MATTERS OF COMMON KNOWLEDGE.
The courts will take judicial notice that most religious corporations
are charitable.

TAXATION (229)—INHERITANCE TAX—EXEMPTIONS. Extrinsic evi-
dence is admissible to show the charitable purpose of a certain
"Home for Boys", and that a bequest for its use was, therefore, not
subject to the inheritance tax, under Laws of 1917, p. 597, § 7, ex-
empting certain charitable bequests.

SAME. Where at the time of a bequest to a home for boys, it was
exclusively maintained for the support and education of orphaned
or indigent children, it is expressly exempted from the inheritance
tax by Laws of 1917, p. 597, § 6.

Appeal from the judgment of the superior court for
King county, Frater, J., entered January 5, 1920, upon
findings in favor of the estate, exempting a charitable
bequest from the inheritance tax, after a trial on the
merits to the court.   Affirmed.

[1]Reported in 196 Pac. 10.

*J. M. Thatcher* and *Geo. G. Hannan,* for appellant.

*Stanley J. Padden* and *Donworth, Todd & Higgins,* for respondents.

Holcomb, J.—The probated will of the decedent contained a residuary clause as follows:

"Eleventh: All the rest, residue and remainder of my property, real, personal or mixed, wheresoever situated or located, I give, devise and bequeath unto 'The Corporation of the Catholic Bishop of Nesqually, in the Territory of Washington,' in trust nevertheless and for the use and benefit of the Edwin Briscoe Home for Boys located near Orillia, Washington."

Upon the final settlement of the accounts of the executors, the residuary balance in the hands of the executors which was to go to this trust was found to be $6,066.78.

The trial court found and decreed that the residuary legacy for the use and benefit of the Edwin Briscoe Home for Boys was for a charitable purpose, and exempt from inheritance taxation. Appellant, the state tax commissioner, excepted to the finding and decree that the bequest was exempt from inheritance tax, and appealed therefrom.

The statute applying is Laws of 1917, p. 597, § 6, which reads as follows:

"All bequests and devises of property within this state when the same is for one of the following charitable purposes, namely, the relief of the aged, indigent and poor people, maintenance of sick or maimed, the support or education of orphans or indigent children, . . . shall be exempt from the payment of any inheritance tax, and any property in this state which has been devised or bequeathed for such purposes and upon which a state inheritance tax is claimed or is owing is hereby declared to be exempt from the payment of such tax, and the same is hereby remitted."

This same exemption statute was before us in *In re Duncan's Estate,* 113 Wash. 165, 193 Pac. 694, and there we observed:

"It will be observed that this act is somewhat narrow in its terms. It does not purport to exempt bequests for any or all charitable purposes, but confines the exemption to those specifically named, which are: (1) relief of aged, indigent and poor people (and we will assume that, if the objects of charity be poor, they need not necessarily be aged); (2) the maintenance of the sick and maimed, and (3) the support and education of orphans or indigent children."

In that case, we held that the bequest by the will of Duncan was not exempt for the reason that, as stated in the opinion, the income from the benevolent fund was to be used by the trustees in their discretion for the relief of the distressed and unfortunate and helpless, with the provision that the trustees in their discretion might at any time determine that the need or desirability for such a fund had ceased, in which event the principal sum and the income therefrom should be merged with the remainder of the estate. We there concluded that, since it was wholly within the discretion of the trustees to divert the fund as and when they should see fit, and when so diverted it must be treated as the remainder of the estate, we felt unable to lay down the rule that the fund was not taxable, and thereby open the way by which the unprincipled might in all cases avoid the tax entirely.

We adhere to the rule insisted upon by appellant that the provisions of the law granting exemptions are to be strictly construed against the claimant. The beneficiary must be clearly within the statutory language. *In re Ferrel's Estate,* 112 Wash. 231, 192 Pac. 10. This is a salutary rule to the end that the legislative intent as to sources of revenue for the support of the government

and its existing institutions should not be defeated, either in whole or in part. But the rule is qualified as to charitable beneficiaries, for the reason that charitable trusts tend to lessen the burden of government, as those objects are necessarily a burden either upon the whole or a part of the public; hence, when a part of the public is engaged in supporting and educating orphans and indigent children, as named in the statute, the remainder of the public are to that extent relieved therefrom. The rule has therefore come to be stated, of recent years, at least, that charitable bequests should be upheld and given effect whenever possible. Blakemore & Bancroft, Inheritance Taxes, § 241, p. 196.

It is true, of course, that exemption is a matter of grace on the part of the legislature and cannot be claimed beyond the extent to which the lawmaking body has seen fit to allow it (*In re Timkin's Estate,* 158 Cal. 51, 109 Pac. 608); and it is true also that, where the law imposes the tax in general terms, only those plainly exempt from it are excluded from its provisions. Blakemore & Bancroft, Inheritance Taxes, § 242.

Appellant claims, however, that the bequest should specify its purpose so that it manifestly comes within the language of the statute, or that the object of the bequest is so proven to be within the provisions of the statute that there can be no question. In other words, that the beneficiary must be such an institution as by its very objects and purposes exclusively comes within the exemption of the statute. True, the exception in our statute specifies the precise objects of charity which are exempt, and does not use general terms such as are used in many of the states; as for instance, Iowa, where the inheritance tax law extends exemptions from inheritance tax to ''charitable institutions'', without restriction or qualification, except as the term imports. *Mor-*

*row v. Smith,* 145 Iowa 514, 124 N. W. 316, Ann. Cas. 1912 A 1183, 26 L. R. A. (N. S.) 696.

In that case the bequest was to a Masonic Lodge, the exclusive object and purpose of which was not general charity, but the bequest was made to the lodge for charitable purposes, and among the principal objects of the order or lodge were benevolences towards its sick and maimed or indigent members, and their widows and orphans. These purposes were shown by extrinsic evidence, and the supreme court of Iowa held that it was a proper object of such charitable bequests or donations and that the exemption from collateral inheritance tax applied.

The court in that case observed:

"Gifts and bequests by individuals to such institutions are properly regarded as benevolent and charitable, and the donor of such gifts is deemed to be public spirited. It is not at all unreasonable that the legislature should deem it proper to impose no succession tax upon a gift to such an institution. On the contrary, the public good may be quite as well served by offering an exemption from such a tax. Such exemption carries with it some measure of inducement to testators to confer their bounty through those instrumentalities upon a large, and always varied, part of the public, . . . If such was the purpose of the legislature it was commendable."

Again, in *In re Spangler's Estate,* 148 Iowa 333, 127 N. W. 625, where the trust was, "in perpetuity to the dependent poor persons of Delaware county, who are maintained solely or in part at the expense of the county." Although as stated above, the statute of Iowa provided for exemption from collateral inheritance tax on "charitable institutions" without restriction, or qualification, the court, in the last case cited, held that bequest exempt from collateral inheritance tax. The court again observed that:

"That the law in this respect is to be liberally construed to promote the benevolent purpose of the exemption has already been held by this court in *Morrow v. Smith*, 145 Iowa 514."

In New York the inheritance tax law provided:

"Any property devised or bequeathed to any person who is a bishop, or to any religious, educational, charitable, missionary, benevolent, hospital or infirmary corporation, . . . shall be exempted from and not subject to the provisions of this article, etc." *In re Moore's Estate*, 66 Misc. 116, 122 N. Y. Supp. 828.

It was held that a colony for epileptics under the charge of the Women's Christian Temperance Union fell within the clause of benevolent, charitable corporations exempted from the payment of the transfer tax under that law, and evidence extrinsic was received to show the uses and purposes of the object of the bequest. See, also, *In re Moses' Estate*, 138 App. Div. 525, 123 N. Y. Supp. 443; *In re White's Estate*, 118 App. Div. 869, 103 N. Y. Supp. 688; *In re Albright's Estate*, 93 Misc. Rep. 388, 156 N. Y. Supp. 821; *In re Curtis' Estate*, 88 Vt. 445, 92 Atl. 965.

Appellant insists that, since the will making the bequest did not in specific words say that the bequest was for the "support and education of orphans and indigent children", proofs cannot be received as to the real purposes of the bequest. Appellant quotes the following language from *In re Duncan's Estate, supra,* to sustain his contention that extrinsic proof could not be received to sustain the exemption.

"It appears from the record that Mr. Duncan had permitted the industries and the schools to pass out of his control some years before his death and before the making of his will, and while perhaps incompetent as evidence, one of the trustees under the will testified that

the trustees had no intention or purpose to resume the school or industrial work.''

Appellant contends that the above language clearly shows that the intentions of the parties in administering the trust fund under the will are not admissible in evidence. That language by no means controls the question involved in the instant case. If the bequest was for a specific purpose, the executor or trustee of that trust could neither effect nor defeat the trust by the testimony as to intention. The trust would exist nevertheless. Here the trustee is a religious corporation. We will take judicial notice of the fact that most such institutions are largely charitable. The beneficiary of the trust is a home for boys. The assessing officers or the court having jurisdiction of course could not determine from the name of that beneficiary that it was such an institution as comes within the purview of the statute of exemption, and it is from that fact that appellant urges that no extrinsic testimony should be received to define the object of the trust.

We are of the opinion that the decision in the *Duncan Estate* case is in no wise controlling upon this matter and that, even under our rule of strict construction, the beneficiary must clearly show himself to be entitled to the exemption, and that may be shown by competent extrinsic evidence. In some cases, as in the *Ferrel Estate* case, *supra,* where we announced the rule, the matter was determined as a matter of law upon the face of the record. In the *Duncan Estate* case, *supra,* it was determined as a matter of law under the provisions of the statute and construction of the will; the terms of the bequest there defeating the exemption.

Here, the evidence shows—summarizing it—that the testatrix had for some years maintained the institution known as the ''Edwin Briscoe Home for Boys,'' in

memory of a son of hers by her first marriage, who, during his lifetime had been active in boy welfare work; that the testatrix had erected the buildings and had turned them over to the charge of men known as "The Christian Brothers of Ireland" who dedicated their lives to the cause of caring for and educating orphan boys regardless of sect or color, who were under a religious vow of poverty, and received no compensation for their services except their food and clothing; that the buildings were erected and maintained by the testatrix for no other purpose than that of an orphan asylum; that the institution has always been and is now exclusively engaged in the work of caring for orphans and indigent boys, and was supported during the lifetime of the testatrix by gifts from her and by the sale of charity tags upon the streets of the city of Seattle, and that all the boys supported and educated there are and have been orphans, and the institution is carried on exclusively for that purpose; that all funds that come from this estate will be used for the benefit of these indigent orphans.

Appellant argues, however, that those who are conducting the home may at some time in the future see fit to change its purpose and functions, and that therefore this gift is not, assuredly, for the exempted purpose.

We do not have to look to the future. We have only to look at the character of the institution and the nature of the bequest at the time of the death of the testatrix, and the time when the will took effect; and if, at the time of the passing of the bequest, it passed to an institution the objects of which bring it within the purview of the exemption statute, it is exempt, no matter what may happen to the institution in the future. *Parkhurst v. Burrill*, 228 Mass. 197, 117 N. E. 39; *In re Altman's Estate*, 87 Misc. Rep. 255, 149 N. Y. Supp. 601; *Pierce*

*v. Stevens,* 205 Mass. 219, 91 N. E. 319. That, we consider the situation in this case.

The uncontroverted evidence in the case showing that the Edwin Briscoe Home for Boys was an institution at the time of the death of the testatrix exclusively maintained for the support and education of orphans or indigent children, bequests and devises for benevolence to those classes being exempted by the statute under consideration, we conclude that the findings and judgment of the trial court were right in exempting the bequest from inheritance tax.

Decree affirmed.

PARKER, C. J., MACKINTOSH, BRIDGES, and FULLERTON, JJ., concur.