Matter of the Estate of MARY B. CASH, Deceased.

(Surrogate's Court, New York County, March, 1921.)

**Transfer tax — when corporate trustee not exempt under section 221 of the Tax Law.**

The Title Guarantee and Trust Company is not in any sense or for any purpose a corporation belonging to any of the

Surrogate's Court, New York County, March, 1921. [Vol. 114.

classes mentioned in section 221 of the Tax Law, and a bequest to said company, as trustee, to expend the income for an obviously educational and charitable purpose, is subject to a transfer tax.

APPEAL from an order fixing the transfer tax.

Harold Swain (Harold Swain, Benjamin G. Bain and Ellis G. Kinkead, of counsel), for executor.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

COHALAN, S. The executor of decedent's estate appeals from the order fixing the transfer tax on the ground that a tax has been assessed on the bequest of a portion of the residuary estate to the Title Guarantee and Trust Company, as trustee, to expend the income " in educating the poor but ambitious young men over the age of fourteen years in the City of New York, in any trade, which such men may desire to acquire, and who may be pursuing such trade education in the trade school located at First avenue, between Sixty-seventh and Sixty-eighth Streets, in the City of New York."

The purpose of the gift is obviously educational and charitable. Section 221 of the Tax Law grants exemptions from the tranfer tax to bequests to certain classes of corporations therein enumerated.

The character of a corporation is determined by its charter. *Matter of White,* 118 App. Div. 869. The articles of incorporation of the Title Guarantee and Trust Company, in so far as they are disclosed by the record, do not show that the company is in any sense or for any purpose a corporation belonging to any of the classes mentioned in section 221. In *Matter of Albright,* 93 Misc. Rep. 388; *Matter of Saunders,* 77

id. 54, and *Matter of Guiteras,* 113 id. 196, relied on by the appellant, the transfers were to municipal corporations and were held to be exempt from the tax because the municipalities were authorized by their respective charters or acts incorporating them to receive and distribute funds for charitable and educational purposes and to exercise functions similar in character to those performed by purely educational and charitable corporations.

The right possessed by the company to act in a fiduciary capacity does not relieve bequests to it from the imposition of the tax. A corporate trustee is in no different situation in this respect than an individual trustee, a bequest to whom for charitable or educational purposes is subject to the transfer tax. *Matter of Robinson,* 80 Misc. Rep. 458; affd., 212 N. Y. 548.

The report of the appraiser is correct, and the order fixing tax is affirmed.

Order affirmed.