[No. 26987. Department One. August 12, 1938.]

*In the Matter of the Estate of* CHRISTIAN J. BOWERS, *Deceased.*

THE STATE OF WASHINGTON, *by William H. Pemberton, Supervisor of the State Inheritance Tax and Escheat Division, Appellant,* v. LAURA V. BOWERS, *as Executrix, Respondent.*[1]

*William H. Pemberton* and *Charles Snyder,* for appellant.

*John C. Hurspool,* for respondent.

SIMPSON, J.—This is an appeal from an order of the superior court sustaining objections to findings presented by appellant, fixing a tax upon the estate of Christian J. Bowers, deceased.

The facts were stipulated as follows:

"Now THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto that the above-entitled estate has a total valuation of $60,411.00

[1]Reported in 81 P. (2d) 813.

exclusive of a certain promissory note in the sum of $8,948.90, made by Harry C. Bowers payable to Christian J. Bowers, and

"IT IS FURTHER STIPULATED AND AGREED that the statute of limitations had run against said promissory note prior to the death of Christian J. Bowers and that the said Harry C. Bowers, maker of said note, was insolvent at the date of the death of the said Christian J. Bowers."

Based upon the foregoing facts, the court entered an order to the effect that the amount inherited by Harry C. Bowers should be retained by the estate and distributed to the other heirs in the same class, but should not be included as an asset of the estate in fixing its value for inheritance tax purposes. From that order the state has appealed.

It is the contention of appellant that the note of Harry C. Bowers should be included in the gross assets of the estate for the determination of the inheritance tax. By reason of this outstanding note, this beneficiary was indebted to the testator in an amount in excess of the value of his legacy.

It is the admitted rule in this state that an executor or administrator has the right to retain against a devisee or heir the amount of any indebtedness due the estate, even though the indebtedness be barred by the statute of limitations and the devisee or heir be insolvent at the time of the death of deceased. *Boyer v. Robinson,* 26 Wash. 117, 66 Pac. 119; *In re Smith's Estate,* 179 Wash. 417, 38 P. (2d) 244; *In re Hamilton's Estate,* 190 Wash. 646, 70 P. (2d) 426.

It does not follow, however, that, because the distributive share of the legatee was retained, the face value of the note or any part thereof should be included in the gross estate for purposes of taxation.

Rem. Rev. Stat., (Sup.), § 11201 [P. C. § 7030-164], Laws 1937, § 1, p. 420, provides in part:

"The inheritance tax shall be and remain a lien on such estate from the death of the decedent until paid: . . ."

Rem. Rev. Stat., § 11210 [P. C. § 7061], provides:

"All taxes imposed by this act shall take effect and accrue upon the death of the decedent or donor. . . ."

In construing the meaning and applying the last mentioned section, we said in *In re Colman's Estate,* 187 Wash. 312, 60 P. (2d) 113:

"Rem. Rev. Stat., § 11201 [P. C. § 7051], makes the inheritance tax a lien on the estate from the death of the decedent until paid, and the tenor and effect of the law throughout is to make the date of death the determinative time upon this question. See *In re Foss' Estate,* 114 Wash. 681, 196 Pac. 10."

In the case of *In re Ferguson's Estate,* 113 Wash. 598, 194 Pac. 771, 13 A. L. R. 122, we approved the following quotation from Ross on Inheritance Taxation, at § 259:

"Since inheritance taxes are imposed upon the succession rather than upon the property, and the succession takes place at the time of the decedent's death, it follows that the tax is to be measured by the value of the estate as of the death of the decedent, not as of the date of the probate of the will, the distribution of the estate, or any other proceeding, looking toward the administration of the estate and the collection of the tax. The appraisement is to be made and the tax fixed according to the value of the property as of the day of decedent's death, without regard to subsequent depreciation, appreciation, or income, unless, as in the case in Montana and perhaps some other states, the statute expressly requires the increase to be taken into consideration. This general rule has been recognized by the courts, although not clearly expressed or required by the statutes."

It is clear that estates are valued for inheritance tax purposes as of the date of the death of the decedent.

Appellant has called our attention to two cases which it claims have a bearing upon the issues herein involved. An examination of them, however, discloses they are not helpful in determining the issues presented in the case at bar. The first one, *In re Tuigg's Estate,* 2 Connoly's Reports 633, 15 N. Y. Supp. 548, has no application, because it does not appear in that case that the legatee against whom the retainer was invoked was insolvent, as is stipulated in the instant case. In the other case cited, *In re Flannery's Estate,* 221 Iowa 265, 264 N. W. 68, the beneficiary was also insolvent, but the legacy consisted of cash and real property having a value in excess of the amount of the notes which the legatee owed the testator. An inheritance tax was paid, but the opinion does not disclose that a tax was paid on the notes, and certainly the imposition of an inheritance tax on the value of the real property after deducting the offset in the amount of the notes was proper. Hence, this case is not controlling here.

It is apparent that the estate of Christian J. Bowers was properly appraised, and that, in fixing the value of the property, the appraisers could not take into consideration a note of one who was insolvent. To compel executors and administrators to include in their inventory as assets of an estate the valueless notes or other obligations of insolvent debtors would in many cases compel the heirs to surrender all of the estate to the government as inheritance taxes. Such is not the intent of our law.

The retention from the beneficiary of an amount equal to the debt added nothing whatever to the value of the estate for inheritance tax purposes.

The trial court was correct in making the order sustaining the objections to the findings of the inheritance

tax and escheat division of this state, and its judgment is affirmed.

STEINERT, C. J., GERAGHTY, MAIN, and HOLCOMB, JJ., concur.