[No. 27060. Department One. September 20, 1938.]

*In the Matter of the Estate of* GEORGE A. COLMAN, *Deceased.*

THE STATE OF WASHINGTON, *by William H. Pemberton, Supervisor of the State Inheritance Tax and Escheat Division, Respondent,* v. KENNETH B. COLMAN, *as Administrator, et al., Appellants.*[1]

[1]Reported in 82 P. (2d) 795.

*Bayley & Croson* and *McMicken, Rupp & Schweppe,* for appellants.

*William H. Pemberton* and *Charles Snyder,* for respondent.

GERAGHTY, J.—This appeal is from a judgment of the superior court fixing the amount of taxes due to the state of Washington from the estate of George A. Colman, who died January 10, 1933.

On a former appeal in this estate, *In re Colman's Estate,* 187 Wash. 312, 60 P. (2d) 113, we held that the transfer of forty-six shares of the capital stock of the J. M. Colman Company by George A. Colman to the trustees of "The Colman Charity Fund," on January 27, 1931, was made in contemplation of the donor's death, and was not exempt from payment of an inheritance tax. Concluding its opinion in that case, the court said:

"The judgment appealed from is right and must stand affirmed in all respects, except only as it holds the gift to the charity fund to be deductible. In that respect only, the judgment is reversed, with directions to deny the deduction."

On the filing of the remittitur in the court below, the adminstrator *de bonis non* with will annexed of the estate (in succession to Laurence J. Colman, the deceased executor) filed in the superior court a petition praying for a determination of the amount of inheritance tax due from the estate, and for an order making the trustees of the Colman charity fund parties to the proceeding. The petition asked that the court determine that any inheritance tax payable by reason of the gift to the charity fund be a lien upon the shares of stock transferred to the fund and payable solely by its trustees. The petition also asked that the court make a finding that all inheritance taxes payable by the estate of George A. Colman had been paid, and that the administrator was entitled to a receipt in full therefor from the state of Washington so that the estate could be closed.

At the same time, a petition in intervention was filed by the trustees of the Colman charity fund, in

which they admitted that any inheritance tax found to be payable on the gift to the fund was payable by them as trustees and was a lien on the shares of stock held by them. The petition in intervention prayed that a hearing be had to ascertain whether payment of the amount of inheritance tax, if any, chargeable on account of the donation to the trust should be held in abeyance pending distribution under the terms of the trust; and that, should it be determined in the pending hearing that a tax was payable, the court direct that payment thereof be made by the trustees.

The court entered a judgment in the sum of $60,139.07, with interest at the statutory rate of eight per cent from the date of judgment until paid, against all the assets of the trust fund and of the estate of George A. Colman. The judgment also provided that, if the tax be paid by the estate, the administrator should have a right of recovery against the trustees. The trustees of the charity fund and the administrator join in the appeal.

It would seem that the decision on the former appeal should be conclusive in respect of the taxability of the gift to the charity fund, leaving for further determination only the amount of tax payable under the applicable statutes. Conceding that they are concluded by our former holding that the gift to the charity fund was made in contemplation of death, the appellant trustees contend that the gift is not taxable, because it was exempt both under the inheritance tax laws existing at the time of the donation to the trust fund and at the date of the donor's death. After holding that the gift to the charity fund was made in contemplation of death, the court continued:

"The second question is as to the time when the inheritance tax, measured by the gift of charity, becomes effective. The gift to charity when made and at the time of the death of the donor was not limited for use

within the state of Washington so as to entitle it to exemption from the inheritance tax under Rem. Rev. Stat., § 11218 [P. C. § 7052], and we think anything done in the way of amendment to the declaration of trust made after the death of the decedent cannot affect the situation. Rem. Rev. Stat., § 11201 [P. C. § 7051], makes the inheritance tax a lien on the estate from the death of the decedent until paid, and the tenor and effect of the law throughout is to make the date of death the determinative time upon this question. See *In re Foss' Estate*, 114 Wash. 681, 196 Pac. 10.

"Though the declaration of trust may be amendable by Laurence Colman, therein named as donor, such amendment can have no retroactive effect, and where the right of the state has once vested and its vested claim has become a lien upon all of the property of the estate, no such amendment can divest the state of its vested right and lien. The trial court erred in holding that the gift to the charity fund was not subject to the inheritance tax."

Notwithstanding the fact that the court is of the opinion that the taxability of the gift is concluded by the former decision, and that the only issue presented on this appeal is whether the trial court correctly determined the amount of tax due, reference shall be made to some of the considerations urged by the appellants in support of their contention that the gift was not taxable.

Their principal contention is predicated upon the assumption that the gift, made January 27, 1931, was not subject to an inheritance tax; that is to say, that, while gifts made in contemplation of death were taxable as testamentary dispositions of property, the gift to the charity fund was exempt from taxation under the law in force at the time it was made. The law then in force was chapter 51, Laws of 1921, p. 160, § 1 of which, so far as material here, provided:

"All bequests and devises of property within this state when the same are for one of the following chari-

table purposes, namely, the relief of the aged, indigent and poor people, maintenance of sick or maimed, the support or education of orphans or indigent children, . . . shall be exempt from the payment of any inheritance tax . . ."

It is thus seen that the exemption was restricted in scope and did not cover all bequests to charity.

Subsequently to the vesting of the gift, this section was amended by § 8 of chapter 134, Laws of 1931, p. 406, Rem. Rev. Stat., § 11218 [P. C. § 7052], becoming effective in June, 1931, restricting charitable exemptions to gifts, bequests, devises and transfers limited for use within the state of Washington. The amended section was in effect at George A. Colman's death.

In comparing the quoted section of the 1921 act with the amended section of the 1931 act, it will be seen that, while the latter act specifically enumerated "gifts," as well as bequests and devises, the former act did not, in terms, include gifts, but was limited to bequests and devises. We will assume, however, for the purpose of this argument, that gifts to charity made in contemplation of death, being in the nature of testamentary dispositions of property, were exempt under the 1921 act. Chapter 134, Laws of 1931, also enacted a new section, not pertinent here, known as Rem. Rev. Stat., § 11218-1 [P. C. § 7052-1], exempting gifts, bequests, devises and transfers to religious or nonsectarian organizations, limited for use within the state of Washington.

The declaration of trust creating the charity fund provides, in part:

"DISTRIBUTION    The Trustees shall receive and collect the interest, rent, dividends, income and accumulations, which may from time to time be paid upon said trust assets and after deducting the costs and expenses of administration shall disburse, pay out, and distribute the same to such of the follow-

ing charitable organizations and agencies as they may select, namely:

Medina Baby Home
Ryther Child Home
Seattle Children's Home
Near East Relief
Salvation Army
Social Welfare League
Lighthouse for the Blind
Scandinavian Seamen's Mission
Volunteers of America
Florence Crittenden Home
King County Humane Society
Lebanon Home
Ruth School for Girls
Traveler's Aid Society
Washington Howard Association Churches
Boy Scouts of America
National Y. M. C. A.
Seattle Day Nursery
Theodora Home
Washington Children's Home Society
Navy Y. M. C. A.
Northwest Council Y. M. C. A.
University of Washington Y. M. C. A.
Y. M. C. A. of Seattle
Young Women's Christian Association
Anti-Tuberculosis League
Deaconess Settlement
Seattle Community Fund
Foreign Mission Society
Children's Orthopedic Hospital
Disabled Veterans of World War
American Red Cross
Camp Fire Girls

or any other charities acceptable to the Federal Government, contributions to which are deductible for income and estate tax purposes. The distribution of the income from this Trust shall be made to such charitable organizations and agencies by said Trustees in such amounts and proportions and at such times, but at least annually, as may be agreed upon by a majority of said Trustees, and the decision of the Trustees regarding the selection, amounts to each organization and the time of payment shall be final and conclusive."

Manifestly, many of the organizations to which the trustees could allocate funds were engaged in activities not exempt under the 1921 act, in effect at the time the gift was made. It may be assumed that some of the organizations and associations enumerated in the declaration of trust are engaged in the promotion of some of the charitable purposes

specified as exempt by chapter 51, Laws of 1921, p. 160. This, however, does not exempt the gift, because, under the declaration of trust, the trustees may devote the fund to the use of one or more of the nonexempt groups. *In re Duncan's Estate*, 113 Wash. 165, 193 Pac. 694, it is said that the commingling of a purpose recognized by statute as exempt with other purposes not so recognized, will defeat the exemption. In the present case, not only was it possible under the declaration of trust for the trustees to devote the funds to nonexempt as well as exempt purposes, but also to devote the whole of the fund to nonexempt purposes. Indeed, on this point, it was frankly said in the brief of Laurence J. Colman, the executor of the George A. Colman estate, respondent in the former case:

"We concede that under the Trust as it originally was created there would be an uncertainty as to whether or not all of the amount involved might not be distributed to taxable charities."

The appellants earnestly contend that, by the quoted paragraph of the declaration of trust enumerating the organizations and agencies that might be selected by the trustees for participation in the trust, the gift is limited to such of the enumerated organizations or agencies as were exempt under the Washington inheritance tax law. This paragraph, after naming the organizations and agencies, continues:

". . . or any other charities acceptable to the Federal Government, contributions to which are deductible for income and estate tax purposes."

It is contended that the phrase "contributions to which are deductible for income and estate tax purposes" modifies the whole of the paragraph, including the enumerated agencies. We are not able to agree with this contention. We take the quoted paragraph

to mean that contributions may be made to the specified agencies and to *any other charity* acceptable to the Federal government, contributions to which (that is to say, such *other charities*) are deductible for income and estate tax purposes.

Again referring to the briefs in the first case, we find that this was the view held by the then representative of the estate, Laurence J. Colman, executor. In his brief, it is said:

"Under the terms of the so-called Charity Trust, the trustees were authorized and instructed to distribute the benefits of the Trust to such charitable, educational and religious organizations, either within or without the State of Washington, *which are exempt from inheritance taxes under the laws of the United States.*" (Italics ours.)

■ The appellants contend that, even though we hold the gift to be taxable, the determination of the tax should be held in abeyance under Rem. Rev. Stat., § 11206 [P. C. § 7057], which provides, in part:

"Estates in expectancy which are contingent or defeasible and in which proceedings for determination of the tax have not been taken or where the taxation thereof has been held in abeyance shall be appraised at their full undiminished clear value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof without diminution for or on account of any valuation theretofore made of the particular estates for purposes of taxation upon which said estates in expectancy may have been limited. Where an estate for life or for years can be devested by the act or omission of the legatee or devisee, it shall be taxed as if there were no possibility of such devesting."

We deem this contention without merit. The gift of the shares of stock was fully and irrevocably vested in the trustees. There is here no contingency or expectancy within the meaning of the statute.

The next contention of the appellants, that only ten per cent of the gift is taxable by reason of the modification of the declaration of trust after the donor's death, was strongly urged on the former appeal. It was disposed of adversely to appellant's contention by the court's holding that the status of the gift was fixed at the time of the donor's death and could not be affected by a subsequent modification of the trust agreement.

We now come to the questions that may properly be said to be before the court on this appeal.

The trial court determined that the tax payable should be computed at the rates prescribed in chapter 180, Laws of 1935, p. 706. The appellants challenge the correctness of this determination and contend that, if the gift be taxable at all, the tax should be computed under the rates provided in chapter 205, Laws of 1929, p. 527, effective when the gift was made, or under chapter 134, Laws of 1931, p. 400, effective at the donor's death. Their objections to the applicability of chapter 180, Laws of 1935, are, first, that the title is defective in not giving notice of the retroactive application of the act; and, second, that the act cannot, in the light of the due process and contract clauses of the Federal constitution, be applied to a gift not taxable when made.

The appellants' objection to the title of the act is disposed of adversely to their contention by the case of *In re Button's Estate*, 190 Wash. 333, 67 P. (2d) 876.

Our conclusion that the gift, being made, in part at least, to charities not exempt under the 1921 act, was taxable when made, disposes of the second objection to the application of the 1935 rates.

In *Milliken v. United States*, 283 U. S. 15, 75 L. Ed. 809, 51 S. Ct. 324, the court had under consideration

a gift made in contemplation of death and whether the 1916 revenue act, in force when the gift was made, or the 1918 revenue act, in effect when the donor died, was applicable to the gift in assessing the estate tax. The court, in referring to gifts made in contemplation of death, observed:

"The reasonableness of the present application of the increased rate of tax of the 1918 Act must be determined in the light of the legislative policy which the 1916 Act had established before the gift was made. Obviously that policy would be set at naught if gifts made in contemplation of death, after the 1916 Act, were to be taxed more favorably than transfers from the donor occurring at and by reason of his death. As was apparent when the 1916 Act was adopted, that policy could be made effective only if gifts made in contemplation of death, while that Act was in force, were to be subject at the donor's death to such rate as might at the time of that event be applicable to the transfer of the donor's estate. The decedent, when he made his gift, was as well warned that it might be taxed on that basis as he was that it would be so taxed if on that day he had made the same disposition of it by will. *A change in the rate applicable to transfers at death necessitates a corresponding change in the rate applicable to gifts made in contemplation of death, else the purpose in taxing the latter would not be attained. That purpose, as already indicated, was to put such gifts on the same plane as testamentary disposals.*" (Italics ours.)

The issue in this case was whether the tax was to be computed under the law in effect at the time the gift was made or under the law effective at the donor's death. In the *Button* case, as in the case at bar, the question was the applicability of increased rates becoming effective after the donor's death, rather than the rates effective at the donor's death. The court, in the *Button* case, said that the difference in the facts did not make a difference in principle and held the

1935 law applicable, although enacted subsequently to the death of the donor.

When the donor made his gift in contemplation of death, taxable when made, he did so with the knowledge that the gift would be taxable at his death on a basis of equality with the rest of his estate passing at death. Whether the rates applicable at the time of his death were those provided in chapter 205, Laws of 1929, or in chapter 134, Laws of 1931, the estate of George A. Colman is now subject to tax at the rates provided in the 1935 act, as an estate pending in court when that act became effective. Section 124 of chapter 180, Laws of 1935, p. 791, Rem. Rev. Stat. (Sup.), § 11211e [P. C. § 7030-184], provides that it shall apply to all cases pending in the inheritance tax and escheat division and to all cases pending in court, with the proviso that any inheritance tax due before passage of the act might be paid under the law effective immediately before its passage, if paid within ten months after the effective date of the act.

Some contention is made by the appellant trustees of the charity fund that they were not parties to the former estate proceeding involved in the first case. Independently of the fact that Laurence J. Colman, at least, was fully advised as to the issues involved in the former proceeding, the law of the case, as established on the former appeal, is binding upon the estate. The estate would, in any event, be primarily liable for payment of the tax.

"Rem. Rev. Stat. (Sup.), § 11201 [P. C. § 7030-164], provides in part:

" '. . . all administrators, executors, and trustees, and any such grantee under a conveyance, and any such donee under a gift, made during the grantor's or donor's life, shall be respectively liable for all such taxes to be paid by them, with interest as hereinafter

provided until the same shall have been paid. . . .'
(Laws of 1935, chapter 180, p. 768, § 104, amended by
Laws of 1937, chapter 106, p. 420, § 1.)

"Under these statutes, it was clearly the duty of the
executor to collect the inheritance tax due from the
estate prior to the distribution of any portion of the
assets of the estate, . . ." *In re Elvigen's Estate*,
191 Wash. 614, 71 P. (2d) 672.

In the present case, the trial court gave judgment
against the estate of George A. Colman and the charity
fund for the tax due the state of Washington, with a
proviso that, if the tax be paid by the administrator,
he shall have the right to recover the amount paid
from the trust. The trustees of the fund say that they
are able and willing to pay the amount of any tax
determined by the court to be due upon the gift. This
being so, the estate stands to suffer no loss by reason
of the judgment. What we have said disposes of the
contention of the adminstrator that, having paid all
taxes chargeable on account of the estate coming into
his possession, he is entitled to a receipt in full from
the state of Washington.

The trial court found that the litigation by the
appellants was necessary and waged in good faith,
excusing the payment of interest on the tax prior
to the entry of judgment, and the supervisor of the
inheritance tax and escheat division took no appeal
from this finding. The judgment provides, however,
for payment of interest from the date of its entry at
the rate of eight per cent per annum. If the remis-
sion of the interest below was justified, as the court
found, the appellants should not be charged with in-
terest on the judgment until the remittitur of this
court is filed in the superior court, thus terminating
the litigation.

The judgment of the trial court is affirmed in all
things, except that interest shall be allowed on the

judgment only from the date of the receipt of the remittitur.

STEINERT, C. J., MAIN, SIMPSON, and HOLCOMB, JJ., concur.